GALLON v. WAYNE CIRCUIT JUDGE.

INJUNCTION—SUIT AT LAW—GROUNDS—INCOMPETENT PLAINTIFF—RELEASE.

A bill alleging that defendant, for the purpose of cheating and defrauding complainant from having the benefit of a release, fraudulently procured a decree in the probate court appointing herself guardian of the releasor as an incompetent, and thereupon brought a suit at law upon the released claim, does not authorize an injunction against the prosecution of the suit at law, since the appointment of the guardian can have no effect upon the validity of the release.

Mandamus by Millie Gallon and William Wellington to compel Henry A. Mandell, circuit judge of Wayne county, to dissolve an injunction. Submitted December

3, 1907. (Calendar No. 22,571.) Writ granted January 6, 1908.

*Thomas A. Conlon,* for relators.

*Edwin Henderson,* for respondent.

PER CURIAM. The relator Millie Gallon is the general guardian, and William Wellington guardian ad litem, of Mabel Wellington. On November 15, 1906, Millie Gallon as guardian brought suit in the circuit court for the county of Wayne against the House of the Good Shepherd, alleging that the said Mabel Wellington was unlawfully detained in its home for seven years; that she was compelled to do menial work and was maltreated. The suit at law was instituted to recover damages for such illegal detention and maltreatment.

After Miss Wellington had left the House of the Good Shepherd she notified that institution through her attorney of a claim for heavy damages, and threatened to bring suit. After this claim and before suit was brought she executed a release to said House of the Good Shepherd of all claim for damages. Proceedings were afterwards taken in the probate court to have said Mabel Wellington declared an incompetent and for the appointment of a guardian. That proceeding resulted in the appointment of relator, Millie Gallon, her sister, as guardian. The House of the Good Shepherd filed a bill in chancery to enjoin the suit at law, alleging that "said Millie Gallon fraudulently and for the purpose of cheating and defrauding complainant from having the benefit of the release aforesaid, and to cause it to be believed that the said Mabel Wellington, at the time she executed the release aforesaid, was an incompetent person, and without notice to complainant filed a petition for the appointment of a guardian of said Mabel Wellington and fraudulently procured her appointment as such guardian, and willfully kept said Mabel Wellington from being sworn in said probate court at said hearing, and falsely testified that she

was a person mentally incompetent to have charge of her person and estate."

Upon filing the bill an order to show cause why an injunction should not issue was granted; a hearing was had at which affidavits were filed. The court granted a preliminary injunction. The guardian then filed an answer and again moved a dissolution of the injunction, which was refused by the court. She now asks the writ of mandamus to compel the dissolution of the injunction.

We think the facts stated in the bill did not authorize the court to grant the injunction. The appointment of a guardian can have no effect in the suit at law upon the validity of the release. It can have no bearing upon the merits of the controversy involved in the suit at law. When the release was executed she was not under guardianship, and her attorney had not at that time thought the appointment of a guardian essential. Mabel Wellington was then 24 years of age, and presumptively competent to attend to her own affairs. Whether she subsequently became a proper subject of guardianship is no concern of the House of the Good Shepherd, the defendant in the suit at law. It can make its defense just as well as if no guardian had been appointed. There was therefore no authority to issue the injunction.

The writ will issue as prayed.